## SUPREME COURT.

EZRA NEWTON agt. STEPHEN SWEET et al., executors of STEPHEN V. R. SWEET, deceased.

In proceedings for claims against estates, where a reference is had under the 36th section of the statute relating to the duties of executors and administrators (2 R. S. 89,) and a report is made in favor of the claimant, or plaintiff, he is entitled (under the code) to *the necessary disbursements and fees of officers allowed by law, including the compensation of referees,* against the executors ; although the court may have adjudged that he was not entitled to *costs* against the executors.

*It seems,* that by the 311th section of the code, the prevailing party, *in every instance,* is entitled to have inserted in the judgment " *the necessary disbursements and fees of officers allowed by law.*"

The same principle of construction established in the case of *Taylor* agt. *Gardner, ante,* 67, where the plaintiff recovered no more costs than damages.

*Albany Special Term, Sept.* 1849.—The plaintiff having presented to the defendants a claim against the estate of which they are executors, the same was referred pursuant to the 36th section of the statute relating to the duties of executors and administrators. The referee reported that there was due to the plaintiff $294.32. The plaintiff, at a special term of this court, moved, under the provisions of the 41st section of the same act, that he be allowed costs as against the estate. The motion was denied. Subsequently the plaintiff's attorney served on the defendants' attorney a statement of his disbursements in the case, with notice of an application to the clerk to insert the same in the entry of judgment. The defendant's attorney appeared before the clerk, and objected to the allowance. The clerk inserted for disbursements, including $18 for the fees of the referee, $31.64, which the defendants now move to strike out of the judgment.

 E. F. BULLARD, *for plaintiff.*

 L. I. LANSING, *for defendants,*

HARRIS, Justice.—By the 37th section of the act relative to the duties of executors and administrators, (2 R. S. 89,) it is provided that when a claim against an estate is referred pursuant to the provisions of that act, it is to be regarded in all respects as a suit commenced by ordinary process, and the court may adjudge costs as in actions against executors. The rights of the parties, then, in respect to costs, are the same as if an action had been brought by the plaintiff upon his claim against the executors. By the last clause of the 317th section of the code, it is declared that the provisions of that section shall not be construed to allow costs against executors and administrators, where they had, by the 41st section of the act above referred to, been exempted therefrom. Under that section, no costs could be recovered against executors or administrators, unless allowed by the court upon special application. Such application has been made in this case, and denied. The plaintiff is, therefore, not entitled to recover *costs* as a part of his judgment.

But what are the costs of which, by the operation of the last clause of the 317th section of the code, the plaintiff, though the prevailing party, is deprived? Previous to the adoption of the code, the compensation allowed by law to attorneys, solicitor and counsel, as well as other officers, was called *fees*. Such fees, when brought together and liquidated by an officer authorized to tax the same, were denominated *costs*. It was also provided by law, that in addition to such *fees*, certain disbursements might also be allowed in the taxation of costs. (2 R. S. 634, § 20.) So that the term *costs* embraced all fees of officers, including the attorney or solicitor and counsel, and such disbursements as were allowed by law to be taxed; but by the code, the meaning of the term *costs* is changed. The 303d section abolishes all fees of attorneys, solicitors and counsel; and in lieu of such fees, declares that certain allowances may be made to the prevailing party, which allowances are termed *costs*. Thus we have a definition of the term, as it is used in the code. It embraces merely the allowances made to a prevailing party, as a substitute for the fees of attorneys and counsel. The next two sections declare in what cases costs, as thus defined, shall be recoverable as a matter of right. The 306th section declares the cases in which such costs shall be recoverable or not, in the discretion of the court; and then the 307th section proceeds to fix the amount of such allowances when recoverable. The 308th and 309th sections provide for an increase of such allowances in certain cases. Then the clerk is required by the 311th section to insert in the entry of judgment, upon the application of the prevailing party, " *the sum of the charges for costs, as above provided ;*" and also " *the necessary disbursements and fees of officers*

*allowed by law, including the compensation of referees, and the expense of printing the papers upon any appeal.*" These disbursements, and fees of officers, are to be included in the judgment, in addition to the *costs* which the party is entitled to recover.

Were it not for the last clause of 317th section, the plaintiff would, I think, have been entitled to the costs prescribed by the 307th section, as well as necessary disbursements and fees of officers, as of course. It is an action of which, according to the 54th section of the code, a justice of the peace has no jurisdiction, and is therefore embraced in the third subdivision of the 304th section, which declares in what cases costs shall be allowed of course. But the operation of the last clause of the 317th section is confined to *costs ;* and its effect, if I am right in the meaning I have attached to the term costs, as used in the code, is to deprive the plaintiff, as the prevailing party, of such *costs* as he would otherwise have recovered under the 304th section. It prohibits the clerk from entering in the judgment "*the sum of the charges for costs*," but not "*the necessary disbursements and fees of officers allowed by law.*" These he is yet to insert in the judgment as required by the 311th section. Indeed, as I understand that section, the prevailing party *in every instance* recovers necessary disbursements and fees of officers. This construction of the section is certainly commended · by the manifest justice of such a provision.

I am aware that the framers of the code do not seem, in all cases, themselves to have had in view the change which they have made in the signification of the term costs. Thus in the 304th section it is provided, that when several actions are brought for the same cause of action, against several parties who might have been joined in the same action, "no costs other than disbursements" shall be allowed, &c. The language here used, would seem to imply that *disbursements* were to be regarded as embraced, in the term *costs*, and that it was intended by that provision that *no costs except disbursements* should be recovered in the cases specified ; but construed in connexion with the other provisions to which I have referred, I think it should be held to mean that *disbursements only*, and *no costs*, should be recovered in the cases to which it is applicable. So, also, the security to be given under the 182d, 230th, 334th, and perhaps some other sections of the code, is to the effect that the party giving the security shall pay all costs and damages which may be awarded against him. The construction above given to the term *costs*, may have the effect to exempt the sureties in such cases from liability for disbursements and officers' fees as not embraced in their undertaking, unless, as perhaps they

might be, they are recoverable as damages. On the other hand, there are other provisions, as the 301st and 371st sections, which plainly recognize the distinctions between allowances for *costs* and *fees and disbursements.*

I have already had occasion to decide that the provision which declares that in certain cases a plaintiff shall recover no more *costs* than damages, is not applicable to disbursements and fees of officers, (*Taylor v. Gardner*, 4 Howard, 67.) The correctness of this decision, so far as I have understood, has not been questioned. The same principles of construction which led to that conclusion, in this case entitles the plaintiff to his necessary disbursements and the fees of officers paid by him, although he does not recover costs. The motion must therefore be denied, but without costs.